UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SANYA M.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 6:20-cv-00896-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Sanya M. sought judicial review of the final decision of the Commissioner ("Commissioner") of the Social Security Administration denying her application for Disability Insurance Benefits under the Social Security Act (the "Act"). On July 8, 2021, this Court reversed and remanded the Commissioner's decision for an immediate payment of benefits. *See*

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

July 8, 2021 Op. and Order ("O&O"), ECF No. 28. Plaintiff now moves for an award of attorney fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"), in the amount of $16,934.59. Pl.'s Mot. for EAJA Fees, ECF No. 30 ("Pl.'s Mot."). The Commissioner opposes the motion. ECF No. 33. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 19. For the reasons that follow, Plaintiff's application for EAJA fees is GRANTED in part and DENIED in part.

## STANDARD OF REVIEW

A party who prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees and costs pursuant to the EAJA. 28 U.S.C. § 2412. Under the EAJA, a Court may award attorney's fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if:

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of their claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). A prevailing plaintiff is not entitled to attorney fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Thomas v. Berryhill*, No. 6:16-cv-2055-JR, 2018 WL 1095554, at *1 (D. Or. Feb. 28, 2018) (citing *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.*

Finally, an award of attorney's fees under EAJA must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

## DISCUSSION

The Commissioner does not dispute that Plaintiff is the prevailing party. Nor do the parties dispute whether the government's position was substantially justified. The sole issue before the Court is whether the time expended by Plaintiff's counsel on the case is reasonable under the EAJA.

As noted, fees awarded pursuant to EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). District courts have an independent duty to review fee requests for reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In so doing, courts must determine the reasonableness of the attorney's hourly rate as well as the number of hours expended. *Hensley*, 461 U.S. at 434. The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Gates*, 987 F.2d at 1397. The opposing party then has the burden of rebuttal which requires submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Id.* at 1397–98. Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433–34.

Courts may not apply a *de facto* cap on the number of hours for which an attorney can be compensated under EAJA in Social Security disability appeals. *Costa*, 690 F.3d at 1136–37. In other words, each application must be considered on an individual basis. *Id.* Courts should examine "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained" in assessing whether

the time expended was reasonable. *Id.* at 1136. Finally, A critical factor in evaluating the reasonableness of the EAJA request is the "degree of success attained." *Id.*

The timesheets submitted in support of Plaintiff's application reflect that her counsel spent the following amount of time at the on this case at the prescribed hourly[2] rates:

- Ari Halpern: 7.9 hours (2020: $207.78 x 3.6 = $748.00; 2021: $213.74 x 4.3 = $ 919.08) for a total of $1,667.08. A review of Mr. Halpern's time entries submitted with his declaration reveals that Mr. Halpern did not draft the Opening or Reply briefs.

- Ralph Wilborn 71.5 hours (2020: $207.78 x 2.5 = $519.45; 2021: $213.74 x 69 = $14,748.06) for a total of $15,267.51). A review of Mr. Wilborn's time entries submitted with his declaration reveals that Mr. Wilborn spent 40.5 hours on Plaintiff's Opening Brief and 25 hours on Plaintiff's Reply Brief. This total includes time spent analyzing the administrative record, outlining potential issues and facts, reviewing the Commissioner's brief, as well as drafting and proofreading both briefs.

Halpern Decl. Ex 1, ECF No. 31-1; Wilborn Decl. Ex. 1, ECF No. 32-1.

The Court finds the time spent by Mr. Halpern, and time spent by Mr. Wilborn initially reviewing the file as well as preparing the EAJA application, to be reasonable. However, the time spent by Mr. Wilborn on the Opening and Reply briefs was not commensurate with complexity of the issues involved in this case. Plaintiff alleged error at step three; challenged the ALJ's assessment of the medical evidence and Plaintiff's subjective symptom testimony; the lay witness testimony; and ultimately argued the RFC was deficient. *See* Pl.'s Opening Br. 11–12 (summary of arguments presented for judicial review), ECF No. 18. These issues are frequently litigated in disability appeals and attorneys practicing in this area should be well-versed in these subject matters. Given Mr. Wilborn's breadth of knowledge in this practice area and years of experience, it would have been reasonable to spend 30.5 hours drafting the Opening Brief and an

---

[2] The maximum hourly rated chargeable under the EAJA is published by the Ninth Circuit. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed December 18, 2021).

additional 15 hours drafting the Reply Brief in this case. Further, the administrative record in this case is approximately 1,700 pages, which is not outside the norm.

Although the degree of success obtained weighs in favor of awarding a higher fee, the Court finds 20 of Mr. Wilborn's hours expended on the briefs in this case "excessive, redundant, or otherwise unnecessary" and therefore excludes them. *Hensley*, 461 U.S. at 433–34. Relying on the "case-specific factors" identified in *Costa*, the Court concludes a reasonable amount of time devoted to drafting Opening and Reply Briefs for this case to be 45.5 hours. *Costa*, 690 F.3d at 1136. The Court does not find it appropriate to reduce Mr. Wilborn's time spent on other tasks. *See, e.g.*, Wilborn Decl. Ex. 1 at 2–3, ECF No. 32-1 (entry on May 21, 2020); (entries related to EAJA App.).

In sum, the Court reduces the total hours spent by My. Wilborn from 71.5 to 51.5 hours.[3] Combined with the hours expended by Mr. Halpern, Plaintiff is entitled to a total award of $12,659.79.[4]

## CONCLUSION

For the reasons above, Plaintiff's application for EAJA fees (ECF No. 30) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 21st day of December, 2021.

                                                               s/Mustafa T. Kasubhai
                                                               Mustafa T. Kasubhai (he/him)
                                                               United States Magistrate Judge

---

[3] The Court elects to exclude the hours billed at the 2021 hours at the statutory rate.

[4] ((Halpern: 7.9 hours (2020: $207.78 x 3.6 = $748.00; 2021: $213.74 x 4.3 = $ 919.08) for a total of $1,667.08) + (Wilborn: 51.5 hours (2020: $207.78 x 2.5 = $519.45; 2021: $213.74 x 49 = $10,473.26) for a total of $10,992.71) = $12,659.79)).

Page 5 — Opinion and Order