UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SANYA M.,[1]

          Plaintiff,

    v.

COMMISSIONER, Social Security Administration,

          Defendant.

Case No. 6:20-cv-00896-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiff Sanya M. sought judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Disability Insurance Benefits under the Social Security Act (the "Act"). In July 2021, this Court reversed and remanded the Commissioner's decision for an immediate payment of benefits. *See* July 8,

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — Opinion and Order

2021 Op. & Order, ECF No. 28. Plaintiff moved for an award of attorney fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"), in the amount of $16,934.59. Pl.'s Mot. for EAJA Fees, ECF No. 30 ("Pl.'s First EAJA Mot."). The Court ultimately awarded fees but reduced the amount to $12,659.79. Dec. 21, 2021 Op. & Order, ECF No. 38 ("First EAJA O&O"). Plaintiff now moves for EAJA fees for the hours expended defending its initial fee petition. Pl.'s Suppl. Mot. EAJA Fees, ECF No. 39 ("Pl.'s Suppl. EAJA Mot"). The Commissioner opposes the motion. ECF No. 40. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 19. For the reasons that follow, Plaintiff's application for supplemental EAJA fees is GRANTED.

## BACKGROUND

Plaintiff seeks $4,111.50 in attorney fees pursuant to EAJA for 18.9 hours worked associated with the defense of the initial EAJA fee petition. *See* Pl.'s Suppl. EAJA Mot. As noted, the Court previously awarded Plaintiff EAJA fees, but reduced the hours requested. First EAJA O&O (reducing Plaintiff's request by 20 hours); ECF No. 38; July 8, 2021 Op. & Order (reversing and remanding the Commissioner's decision). Specifically, the Court explained its rationale for reducing the award as follows:

> The Court finds the time spent by Mr. Halpern, and time spent by Mr. Wilborn initially reviewing the file as well as preparing [ ] EAJA application, to be reasonable. However, the time spent by Mr. Wilborn on the Opening and Reply briefs was not commensurate with complexity of the issues involved in this case. Plaintiff alleged error at step three; challenged the ALJ's assessment of the medical evidence and Plaintiff's subjective symptom testimony; the lay witness testimony; and ultimately argued the RFC was deficient. *See* Pl.'s Opening Br. 11–12 (summary of arguments presented for judicial review), ECF No. 18. These issues are frequently litigated in disability appeals and attorneys practicing in this area should be well-versed in these

> subject matters. Given Mr. Wilborn's breadth of knowledge in this practice area and years of experience, it would have been reasonable to spend 30.5 hours drafting the Opening Brief and an additional 15 hours drafting the Reply Brief in this case. Further, the administrative record in this case is approximately 1,700 pages, which is not outside the norm.
>
> Although the degree of success obtained weighs in favor of awarding a higher fee, the Court finds 20 of Mr. Wilborn's hours expended on the briefs in this case "excessive, redundant, or otherwise unnecessary" and therefore excludes them. *Hensley* [*v. Eckerhart*, 461 U.S. 424, 433–34 (1983)]. Relying on the "case-specific factors" identified in *Costa*, the Court concludes a reasonable amount of time devoted to drafting Opening and Reply Briefs for this case to be 45.5 hours. *Costa*[ *v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012)]. The Court does not find it appropriate to reduce Mr. Wilborn's time spent on other tasks. *See, e.g.*, Wilborn Decl. Ex. 1 at 2–3, ECF No. 32-1 (entry on May 21, 2020); (entries related to EAJA App.).

First EAJA O&O at 4–5.

Plaintiff's application includes a timesheet exhibit that reflects that attorney Tim Wilborn spent 6.4 hours total in defense of Plaintiff's EAJA petition:

| | | |
|---|---|---|
| 10/20/21 | Review EAJA opposition and research assertions therein, using EAJA database and ECF docket sheets. | 3.0 hours |
| 10/21/21 | Continue research; format data into format acceptable for EAJA reply brief | 1.8 hours |
| 10/21/21 | Multiple emails to/from Attorney Ralph Wilborn re: EAJA data, methodology of research, and presentation of results. | 1.2 hours |
| 10/25/21 | Assist Ralph Wilborn with research and drafting of EAJA Reply Brief | 0.4 hours |

Pl.'s Suppl. App., Ex. 1.

///

///

Page 3 — Opinion and Order

Attorney Ralph Wilborn's timesheet indicates that he spent a total of 12.5 hours in defense of Plaintiff's EAJA petition:

| Date | Nature of Legal Services | Time |
| --- | --- | --- |
| 10/20/21 | Review Plaintiff's EAJA application and supporting memorandum and documents. Read and analyze the Commissioner's Response to Plaintiff's Motion for Attorney Fees. Outline potential rebuttal points. | 1.5 |
|  | Partially research and partially write initial draft of Argument A of Plaintiff's Reply to Def's Response to Plaintiff's Motion for Attorney Fees. | 3.0 |
| 10/21/21 | Complete research and initial draft of Argument A of Plaintiff's Reply to Def's Response to Plaintiff's Motion for Attorney Fees. | 3.0 |
|  | Review Declaration of Tim Wilborn. Email draft of EAJA Reply Brief Arg. A to Attorney Tim Wilborn to incorporate his research on EAJA fee awards. | No Charge |
| 10/23/21 | Partially research and partially draft Argument B of Plaintiff's Reply to Def's Response to Plaintiff's Motion for Attorney Fees. | 2.5 |
| 10/24/21 | Complete research and draft of Argument B of Plaintiff's Reply to Def's Response to Plaintiff's Motion for Attorney Fees. | 2.0 |
| 10/25/21 | Email EAJA reply brief final draft to Attorney Tim Wilborn for final research and revisions. | No Charge |
| 01/10/22 | Draft this Supplemental Declaration of Ralph Wilborn and prepare supplemental EAJA settlement letter. | .5 |

*Id.* Ex. 2. Thus, Plaintiff's requested total hours billed for the supplemental EAJA application is 18.9 hours.

## STANDARD OF REVIEW

A party who prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees and costs pursuant to EAJA. 28 U.S.C. § 2412. Under EAJA, a Court may award attorney's fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if:

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). A prevailing plaintiff is not entitled to attorney's fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Substantial justification means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Thomas v. Berryhill*, No. 6:16-cv-2055-JR, 2018 WL 1095554, at *1 (D. Or. Feb. 28, 2018) (citing *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id*. An award of attorney's fees under EAJA must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

## DISCUSSION

The Commissioner opposes Plaintiff's EAJA application, arguing that the amount requested is unreasonable for three reasons. First, the Commissioner asserts that the request exceeds the hours expected by experienced counsel relying on a Middle District of Florida decision as well as a Sixth Circuit decision purporting to cap EAJA fees. Second, the Commissioner asserts that spending 18.9 hours on a reply brief was unreasonable given the dollar amount at stake. Third, the Commissioner asserts that Plaintiff's reply brief in the first EAJA fee round of motions was "mostly ineffective and was therefore largely unnecessary[.]" Resp. Pl.'s Mot. Atty Fees, ECF No. 40 ("Def.'s Resp."). After a careful review, the Court concludes that none of the Commissioner's asserted rationales justify reducing Plaintiff's

attorney fees. The Court will therefore award Plaintiff's supplemental EAJA request for the reasons outlined below.

As noted, fees awarded pursuant to EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). District courts have an independent duty to review fee requests for reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In so doing, courts must determine the reasonableness of the attorney's hourly rate as well as the number of hours expended. *Hensley*, 461 U.S. at 434. The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The opposing party then has the burden of rebuttal which requires submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Id.* at 1397–98. Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433–34.

However, courts may not apply a *de facto* cap on the number of hours for which an attorney can be compensated under EAJA in Social Security disability appeals. *Costa*, 690 F.3d at 1136. Each application must be considered on an individual basis. *Id.* Courts should examine "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained" in assessing whether the time expended was reasonable. *Id.* at 1136. Finally, A critical factor in evaluating the reasonableness of EAJA request is the "degree of success attained." *Id.*

### I.     3–4 hour and 3% Rules

The Commissioner's reliance on a non-binding caselaw is unavailing. In *Spruil v. Bowen*, the court examined an EAJA application and "disallow[ed] all hours claimed relative to the reply

memorandum" because the Middle District of Florida's local rules "discourage[d] reply memoranda that are not requested by the Court[.]" 691 F. Supp. 302, 307 (M.D. Fla. 1988). After the court disallowed the hours associated with the reply, 9.2 hours remained, which the court further reduced because in its "experience . . . a fully developed [EAJA] application in a social security case requires no more than 3 to 4 hours." *Id.*

*Spruil* is of limited assistance here for two reasons. First, the District of Oregon's Local Rules contain no similar provision discouraging reply briefs in requests for attorney fees. In fact, the Local Rules expressly allow reply briefs in attorney fee cases. *See* LR 54-3(b) ("Objections and responsive materials are due not later than 14 days after service of the motion. Replies, if any, must be filed not later than 14 days after service of the objection."). Second, the hours billed in Plaintiff's supplemental EAJA application were in direct response to the Commissioner's objections to Plaintiff's fee request. *See* Def.'s Resp. Appl. Fees Pursuant EAJA, ECF No. 33 (filed October 19, 2021); Pl.'s Suppl. App., Ex. 1–2 (billing 18.4 hours between October 20 and October 25). The Court declines the Commissioner's invitation to effectively disallow a party to defend an initial EAJA application by filing a reply brief.

The Commissioner's reliance *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) is similarly misplaced. *Coulter* observed that ordinarily "the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." *Id.* at 151. However, the Sixth Circuit has since expressly abrogated *Coulter's* 3% rule:

> In light of [*Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990)], we abrogate the *Coulter* rule that limits the hours allowed for preparing and litigating the attorney fee case to 3% of the hours in

>   the main case when the issue is submitted on the papers without a
>   trial and to 5% of the hours in the main case after a trial.

*The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016). Accordingly, the Court declines to discuss the *Coulter* further.

## II.     Reasonableness of 18.9 Hours on Reply Brief

The Commissioner next contends that Plaintiff unreasonably billed 18.9 hours for a total of $4,111.50. Def.'s Resp. 3–4. Specifically, the Commissioner asserts that because Plaintiff sought $16,934.59 in the initial EAJA application, and the Commissioner argued that dollar figure should be reduced to $10,338.50, only $6,596.09 was actually in dispute. When considered in light of a proposed settlement of $11,945.01 and the Court's ultimate award of $12,659.79, according to the Commissioner, "Plaintiff gained only $714.78 by litigating [the initial EAJA application] in Court." *Id.* at 4.[2] The Commissioner thus argues that "[i]f Plaintiff's counsel were billing their own client, they would not think it reasonable to ask [for] $4,111.50 for helping their client gain $714.78." *Id.*

The Court is not persuaded for three reasons. First, in highlighting the difference between the Court's ultimate award and a purported settlement offer, the Commissioner imputes knowledge that neither party could have had during negotiations: how the Court would ultimately rule on the initial EAJA fee request. Second, the argument ignores the fact that the hours that Plaintiff's attorneys' billed were entirely in response to the Commissioner's arguments that attorney fees in this case should be reduced. *See* Pl.'s Suppl. App., Exs. 1–2. Third, the

---

[2] The parties disagree as to whether the Court can or should consider settlement discussions between the parties. Because none of the Commissioner's arguments justify reducing the supplemental EAJA application in this case, the Court declines to reach the issue of whether settlement offers are appropriate evidence for a court to consider when reducing and EAJA fee award.

Page 8 — Opinion and Order

Commissioner's argument fails to address the "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained," that *Costa* instructed district courts to consider when reducing fees under EAJA. 690 F.3d at 1136.

### III. Ineffective Arguments

Finally, the Commissioner asserts that Plaintiff's arguments were "mostly ineffective" and therefore largely unnecessary. In support of the assertion, the Commissioner highlights three examples. First, the Commissioner argues that the 6.4 hours spent reviewing an EAJA database were mostly ineffective because the First EAJA O&O did not reference the data cited by Plaintiff. Def.'s Resp. 4. Second, the Commissioner asserts that the 12 hours preparing a reply, "which included five pages of argument that the government had acted in bad faith, and with lack of candor," was ineffective because the First EAJA O&O did not discuss these "aggressive allegations[.]" *Id.* And third, the Commissioner asserts that the overlapping arguments contained in settlement negotiations and the reply brief were duplicative. *Id.* at 5.

The Court acknowledges that the litigation over the initial EAJA application in this case was hard fought and contentious with both parties zealously advocating on behalf of their clients. Such advocacy is perfectly appropriate, so long as the parties observe the appropriate decorum mandated by this District's Local Rules, which both parties did here. *See, e.g.*, LR 83-7 (requiring attorneys to "[p]erform with honesty, care, and decorum required for the fair and efficient administration of justice"). The Court therefore declines to reduce Plaintiff's fees as "ineffective" simply because the Court resolved some issues without direct reference to a parties' factual presentation or otherwise charged rhetoric. This is so because the Ninth Circuit has made clear that, in most circumstances, it is inappropriate for a court to second guess "the winning

Page 9 — Opinion and Order

lawyer's professional judgment as to how much time he was required to spend on the case" in contested attorney fee cases. *Costa*, 690 F.3d at 1136 (citation and quotation marks omitted); *see also Moreno*, 534 F.3d at 1114 (explaining that a "district court may not set the fee based on speculation as to how other firms would have staffed the case").

In sum, the Court concludes that the 18.9 hours requested by Plaintiff in the supplemental EAJA application is reasonable and that Plaintiff is entitled to fees at the hourly rate set by the Ninth Circuit.[3] Plaintiff is therefore entitled to an award of $4,039.69.[4]

## CONCLUSION

For the reasons above, Plaintiff's application for supplemental EAJA fees (ECF No. 39) is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of May 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

---

[3] The maximum hourly rated chargeable under EAJA is published by the Ninth Circuit. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed May 18, 2022).

[4] ((Tim Wilborn 6.4 hours x 2021 rate $213.74 = $1,367.94) + (Ralph Wilborn 12.5 hours x 2021 rate $213.74 = $2,671.75) = $4,039.69).

lawyer's professional judgment as to how much time he was required to spend on the case" in contested attorney fee cases. *Costa*, 690 F.3d at 1136 (citation and quotation marks omitted); *see also Moreno*, 534 F.3d at 1114 (explaining that a "district court may not set the fee based on speculation as to how other firms would have staffed the case").

In sum, the Court concludes that the 18.9 hours requested by Plaintiff in the supplemental EAJA application is reasonable and that Plaintiff is entitled to fees at the hourly rate set by the Ninth Circuit.[3] Plaintiff is therefore entitled to an award of $4,039.69.[4]

## CONCLUSION

For the reasons above, Plaintiff's application for supplemental EAJA fees (ECF No. 39) is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of May 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

---

[3] The maximum hourly rated chargeable under EAJA is published by the Ninth Circuit. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed May 18, 2022).

[4] ((Tim Wilborn 6.4 hours x 2021 rate $213.74 = $1,367.94) + (Ralph Wilborn 12.5 hours x 2021 rate $213.74 = $2,671.75) = $4,039.69).