UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SANYA M.,[1]

Plaintiff,

v.

COMMISSIONER, Social Security Administration,

Defendant.

Case No. 6:20-cv-00896-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

The Commissioner of Social Security (the "Commissioner") moves this Court under Fed. R. Civ. P. 59(e) to alter or amend the Opinion and Order ("O&O") entered on May 24, 2022, ECF No. 45 ("Supplemental EAJA O&O"), granting Plaintiff's supplemental attorney fees under the Equal Access to Justice Act ("EAJA"). For the reasons that follow, the Commissioner's motion is DENIED.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## BACKGROUND

In July 2021, the Court reversed and remanded for an immediate payment of benefits the Commissioner's decision denying Plaintiff's disability claim. *See* July 8, 2021 O&O, ECF No. 28. Plaintiff then moved for an EAJA fee award of $16,934.59, which this Court reduced to $12.659.79. Dec. 21, 2021, O&O, ECF No. 38 ("First EAJA O&O"). In making that reduction, the Court held that it would have been reasonable to spend 15 hours, as opposed to the 30.5 hours that Plaintiff billed. First EAJA O&O, at 5. The Court reasoned that the issues Plaintiff raised were "frequently litigated in disability appeals and attorneys practicing in this area should be well-versed in these subject matters." *Id.*

Plaintiff then moved for fees as allowed under the EAJA for the hours expended defending the initial fee petition. Pl.'s Suppl. Mot. EAJA Fees, ECF No. 39. The Commissioner opposed the Motion. Def.'s Response, ECF No. 40. The Court granted Plaintiff's motion and awarded Plaintiff the full supplemental fee request. Supplemental EAJA O&O, ECF No. 45. The Commissioner now moves to alter or amend the Supplemental EAJA O&O under Rule 59(e) asserting that this Court committed "clear error." Mot. to Amend, ECF No 47.

## STANDARD OF REVIEW

Reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACanS, Inc.*, 5 F.3d 1225, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

## DISCUSSION

The Commissioner argues that it was "clear error" to award the full supplemental fee request because, in the First EAJA O&O, the Court reduced Plaintiff's fees. The Commissioner asserts, relying on *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("*Jean*"), that a reduction of fees was necessary because when determining the amount of supplemental fees, a district court must "consider the relationship between the amount of the fee awarded and the results obtained, [supplemental fee] litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Thus, the Commissioner argues that a district court is required to reduce supplemental fees "to some extent based on the limited success in the initial fee application." Def.'s Mot 4–5, ECF No. 47.

The argument fails. The Commissioner is incorrect that this Court is *required* to decrease supplemental fees when the initial EAJA fees were decreased.

### I.     Legal Background

*Jean* clarified that a district court's "task of determining what fee is reasonable is essentially the same as that described in [*Hensley v. Eckerhart*, 461 U.S. 424, 433–437 (1983)]." *Hensley* held that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." 461 U.S. at 429 (internal quotation marks omitted). "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)).

However, reasonable hours multiplied by a reasonable rate does not end the inquiry. *Id.* "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* For instance, if a plaintiff "obtain[s] excellent results" a district court may fully compensate fees and "in some cases of

exceptional success an enhanced award may be justified." *Id.* Litigants in good faith may raise alternative grounds, and a court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. *Id.*

On the other hand, if a "plaintiff [ ] achieve[s] only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436.

> In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id*.

*Hensley* emphasized that "the district court has discretion in determining the amount of a fee award," so long as the court is guided by reason and the statutory criteria. *Id.* This is because "of the district court's superior understanding of the litigation." *Id.* at 437. Moreover, because *Hensley* requires that "the district court . . . consider the relationship between the amount of the fee awarded and the results obtained, [supplemental fee] litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."

## II.     Analysis

### A.     Plaintiff's Claims were Successful

The Commissioner asserts that in determining the award for supplemental EAJA fees, a district court is required to decrease the supplemental EAJA fees when the initial EAJA fees were decreased. However, a supplemental EAJA fee award is not necessarily correlated with the percentage a plaintiff may be awarded on a claim. Using the percentage of an initial award, as the Commissioner asserts that this Court should have done, in determining a supplemental EAJA award is within a court's discretion. *See Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995)

(concluding that a supplemental EAJA award that is based on the percentage of the initial EAJA award was not an abuse of discretion). However, the Court elected not to take that approach under these circumstances and did not commit clear error in doing so. Rather, the Court considered the relationship between the amount of the fee awarded and the results obtained and exercised its discretion in awarding the full amount requested.

"Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435. Thus, a plaintiff may reach a desired outcome with claims that were rejected or that were not addressed. In contrast, when a plaintiff fails on an "unrelated claim," supplemental EAJA fees should not be awarded on that claim. *See Jean*, 496 U.S. at 163 n.10 ("Because [*Hensley*] requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."); *see also Hensley* 461 U.S. at 435 ("[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved.") (Quotation marks omitted.) The Commissioner's argument fails because a reduction in EAJA fees due to a court's inquiry into whether a plaintiff's hours are reasonable is not a failed "claim." Plaintiff was successful on all claims and Plaintiff's supplemental EAJA fees reflected that success. *See Jean*, 496 U.S. at 163 n. 10 (providing an example of a failed claim which would require decreased fees).

      **B.**      **The Court Considered the Level of Success**

Regardless of whether Plaintiff's claims were successful or partially successful, the Court considered the level of success, as required. *Hensley* explained that if a plaintiff is only partially successful, a district court is to first determine whether the plaintiff failed to prevail on claims

that were unrelated to the claims on which the plaintiff succeeded. Next, a district court must determine whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. 461 U.S. at 434. Plaintiff did not "fail to prevail on claims that were *unrelated* to the claims on which he succeeded." To the contrary, any EAJA fees reduced for hours deemed to be unreasonable were related to the claims Plaintiff ultimately prevailed on. Moreover, Plaintiff achieved a level of success on Plaintiff's motion for EAJA fees, which made the hours expended for Supplemental EAJA fees reasonable under the circumstances. *See* Supplemental EAJA O&O 9–10, ECF No. 45 (discussing the effectiveness of Plaintiff's arguments).

Neither *Jean*, *Hensley*, nor any Ninth Circuit cases that the Commissioner cites requires the Court to decrease supplemental EAJA fees because a plaintiff's initial EAJA fee award was decreased due to the amount of hours that should have been reasonably excluded. Rather, a court, as this Court did, must determine the level of success. Accordingly, this Court did not commit clear error.

## CONCLUSION

For the reasons above, the Commissioner's motion to alter or amend under Rule 59(e) (ECF No. 47) is DENIED.


DATED this 24th day of October 2022.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge